# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CODY GOODBURN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| AMERICAN EDUCATION SERVICES, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

CODY GOODBURN ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against AMERICAN EDUCATION SERVICES ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

1

3. Defendant conducts business in the State of Michigan, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Spring Lake, Michigan.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with an office located at 1200 North Seventh Street, Harrisburg, Pennsylvania 17102.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Defendant placed repeated harassing telephone calls to Plaintiff on his cellular telephone number regarding an alleged debt.

12. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

13. Plaintiff knew that Defendant's calls were automated as they started with a noticeable pause or delay with no caller on the line before transferring to a

live representative.

14. Defendant's telephone calls were not made for "emergency purposes," but rather were placed with the intent of collecting a debt allegedly owed by Plaintiff.

15. Shortly after the calls started, Plaintiff demanded that Defendant stop placing calls to his cellular telephone number.

16. However, Defendant continued to call Plaintiff repeatedly.

17. Once Defendant knew that its calls were unwanted its continued calls served no lawful purpose and any continued calls could only have been placed for the purpose of harassing Plaintiff.

18. Plaintiff found Defendant's repeated calls to be invasive, harassing, annoying, frustrating, and upsetting.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and that any consent it may have thought it had to call was revoked, yet Defendant intentionally and knowingly continued to place autodialed calls to Plaintiff's cellular telephone.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CODY GOODBURN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CODY GOODBURN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED

Date: 7/24/19

By: /s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Fax: 877-600-2112
Email: teamkimmel@creditlaw.com

5